UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENDRA SANCHEZ**                                                                **PLAINTIFF**

**VERSUS**                                                                              **CIVIL ACTION NO. _____**

**DAVID FONTIN, NOVA LOGISTICS, INC.,**
**AND PROTECTIVE INSURANCE COMPANY**              **DEFENDANTS**

## NOTICE OF REMOVAL

TO:   CASSIE P. GAILMORE
      ALVENDIA, KELLY, & DEMAREST, LLC
      909 POYDRAS ST., SUITE 1625
      NEW ORLEANS, LA 70112

      And

      GREGORY J. CHIARTANO, ESQ.
      3801 CANAL ST., SUITE 211
      NEW ORLEANS, LA 70119

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Protective Insurance Company, ("Defendant") gives Notice of Removal of this civil action from the 40th Judicial District Court for the Parish of St. John the Baptist in Edgard, Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this removal, Defendant respectfully submits as follows:

1. The Plaintiff filed his Complaint on or about March 15, 2022, in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana ("the State Court Action"). The Complaint was docketed in that court as *Kendra Sanchez v. David Fontin, Nova Logistics, Inc., and Protective Insurance Co..*; 77686-B. *Exhibit A – Petition*.

2. Plaintiff alleges that she was a passenger in a vehicle, which was involved in a motor vehicle accident on April 1, 2021, in St. John the Baptist Parish, Louisiana.

1

*Exhibit A* at ¶ 3. She further alleges that the tortfeasor was David Fontin. *Id*. at ¶ 3. She further alleges that Mr. Fontin was employed by Nova Logistics, Inc., and insured by Protective Insurance Company. *Id*. ¶¶ 3, 6, and 7.

3. The United States District Court for the Eastern District of Louisiana embraces the parish in which the State Court Action is now pending. Therefore, removal is proper to this Court pursuant to 28 U.S.C. §§ 98(a) and 1441.

4. As set forth below, this Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441, because there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

*Removal is Based on Diversity Jurisdiction*

5. Citizenship of the parties is determined as of the time the Complaint is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S., 567, 571 (2004).

6. According to the Petition, Plaintiff, Kendra Sanchez, is a resident citizen of the State of Louisiana. *Exhibit A at introductory paragraph*.

7. Protective Insurance Company is a foreign insurance company with its place of incorporation and principal place of business in Indiana. *Exhibit B – Louisiana Department of Insurance*.

8. Nova Logistics, Inc., is a foreign corporation with its place of incorporation and principal place of business in Illinois. *Exhibit C – Illinois Secretary of State Certificate of Good Standing for Nova Logistics, Inc*.

9. David Fontin is a Florida State resident and domiciled in the State of Florida. *Exhibit A at introductory paragraph*.

10. Because Plaintiff and all properly joined and served Defendants are citizens of different States, in accordance with 28 U.S.C. § 1332, complete diversity is satisfied.

### *Amount in Controversy*

11. The amount in controversy exceeds $75,000.00, exclusive of interest and cost. *Exhibit D, Kendra Sanchez's Response to Request for Admission No. 20.*

### *Timeliness of Removal and Other Procedural Requirements*

12. The Complaint was filed on March 15, 2022.

13. Defendant, Protective Insurance Company was served via its registered agent, the Louisiana Secretary of State on March 28, 2022.

14. Defendant, Nova Logistics, Inc., to date, has not been served.

15. Defendant, David Fontin, to date, has not been served.

16. On July 12, 2022, Plaintiff, Kendra Sanchez, provided responses to Defendants Requests for Admission, which states that her damages exceed $75,000. *Exhibit D, Kendra Sanchez's Response to Request for Admission No. 20.*

17. As a result of the foregoing, removal of this matter to this Honorable Court is timely, as this *Notice of Removal* is being filed within 30 days of receipt of "other paper" as provided by 28 U.S.C. § 1446, and pursuant to 28 U.S.C. § 1446(b)(1).

18. Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by the Defendant pursuant to 28 U.S.C. § 1441; this is a civil action wherein Plaintiff, Kendra Sanchez, has alleged damages which exceed the sum of

$75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

19. In accordance with 28 U.S.C. § 1447(b), Defendant will submit a copy of the state court pleadings no later than 14 days from the date of removal.

20. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of the same with the Clerk of the 40th Judicial District Court for the Parish of St. John the Baptist, Louisiana, in accordance with 28 U.S.C. § 1447(b). Additionally, written notice or removal is being given to all parties. *Id.*

21. According to the State Court Action pleadings, the only party that was properly served, and made a Defendant in this matter, Protective Insurance Company, is represented by the undersigned counsel and will be appearing herein.[1]

22. Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the Courts.

WHEREFORE, Defendants, Protective Insurance Company, prays that this Notice of Removal be deemed good and sufficient and that the aforesaid matter be removed from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, for trial by jury and determination as provided by law, and that all record and proceedings in such civil action from the state court and thereupon proceed with the action as if it had been commenced originally in this Honorable Court.

---

[1] Named Defendants, David Fontin, and Nova Logistics, Inc., who have not yet been served, and which have not waived service are also represented by the undersigned counsel, and on information and belief it is understood that if served those named Defendants will consent to removal.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, e-mail or by facsimile transmission, this 20th day of July, 2022, at their last known address of record.

_____
**W. Trevor Smith**

Respectfully submitted,

_____
**GUY D. PERRIER #20323**
**W. TREVOR SMITH #33482**
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
gperrier@perrierlacoste.com
wsmith@perrierlacoste.com
Tel:  (504) 620-0277
Fax:  (504) 620-0279
**Attorneys for Defendant,**
*Protective Insurance Company*